```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

PHYSICIANS COMMITTEE FOR      )
RESPONSIBLE MEDICINE,         )
                              )
         Plaintiff,           )
                              )
    v.                        ) Case No. 06-1392 JDB
                              )
DEPARTMENT OF HEALTH AND      )
HUMAN SERVICES,               )
                              )
         Defendant.           )
_____)
```

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before processing the FOIA requests at issue in this case, FDA and NIEHS, both components of defendant Department of Health and Human Services, advised plaintiff that it would have to pay search and reproduction costs (but not review costs), which were expected to be substantial. Plaintiff was also advised that its requests for fee waivers were denied. The issue in this case is whether the denial of the fee waivers was proper.

As explained in the memorandum in support of defendant's motion, at page 5, plaintiff has the burden of specifically identifying the public interest to be served by the requested disclosure, and in order to meet this burden, plaintiff must explain "with reasonable specificity how disclosure will contribute to public understanding." This is critically important, given the fact that the search and reproduction costs can be significant, e.g., in this case the costs would be about $100,000. If the public (through congressional appropriations to

the agency), is to foot the bill, there must be some assurance that the public interest will be served by the disclosure of the information sought by plaintiff.  In addition to establishing that the release of the information that it seeks would contribute significantly to the public's understanding of the operations of the government, plaintiff must also show that it is someone who will disseminate the information that it seeks to the public at large, as opposed to the individual requester or a narrow group of interested persons.

On the issue of the significance of the records being sought to the public's understanding of the government's operations, plaintiff commits an error when it states at page 2 of its memorandum in opposition that the government concedes that the information sought by plaintiff "would reveal meaningful information about government operations or activities."  No such concession has been made by defendant.  Rather, defendant's position is that plaintiff has not met its burden of showing that the information being sought would benefit the public's understanding of what the government is doing.

Plaintiff relies on wholly conclusory statements that the release of the information would be of public benefit, statements that could be made by any FOIA requester.  Plaintiff states, however, in footnote 2 of its opposition, at page 5, that in the future it would include in its FOIA requests the information

contained in the declaration accompanying its motion for summary judgment, a declaration that was intended to show that the ICCVAM was not properly discharging its duties. This statement represents a concession <u>sub</u> <u>silentio</u> that the record before the agency is devoid of any factual basis for plaintiff's statements that release of the information would benefit the public.

On the second issue, whether plaintiff would disseminate the information that it is seeking to the public at large, as opposed to the individual requester or a narrow group of interested persons, it is submitted that the weight of the evidence in the administrative record is that it would not. In an attempt to meet this problem, plaintiff cites references in the administrative record, A.R. 00035-48, where the activities of plaintiff are discussed. Almost all of these references are to the effect that plaintiff is a radical animal rights organization with extreme positions, hardly an affirmation that plaintiff would be able to effectively disseminate information to the public at large, rather than to the narrow segment of the public represented by its membership.

For the reasons set forth above and in defendant's memorandum in support of its motion for summary judgment, its motion should be granted and plaintiff's motion for summary judgment

should be denied.

                                        Respectfully submitted,

                                        JEFFREY A. TAYLOR, DC Bar #498610
                                        United States Attorney

                                        RUDOLPH CONTRERAS, DC Bar #434122
                                        Assistant United States Attorney
                                                  /s/
                                        FRED E. HAYNES, DC Bar #165654
                                        Assistant United States Attorney
                                        555 4th Street, N.W., Room E-4110
                                        Washington, D.C. 20530
                                        202.514.7201