UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHYSICIANS COMMITTEE FOR
RESPONSIBLE MEDICINE,

    Plaintiff,

    v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES

    Defendant.

Civil Action No. 06-1392 (JDB)

## MEMORANDUM OPINION

Pending before the Court in this Freedom of Information Act ("FOIA") fee waiver case are cross-motions for summary judgment filed by plaintiff Physicians Committee for Responsible Medicine ("PCRM") and defendant Department of Health and Human Services ("HHS"). The resolution of the motions turns on whether PCRM submitted information to HHS demonstrating that disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government. See 5 U.S.C. § 552(a)(4)(A)(iii). For the reasons stated herein, the Court concludes that PCRM has satisfied the requirements for a fee waiver.

## BACKGROUND

Plaintiff PCRM is a non-profit organization whose stated mission is to promote effective, ethical and compassionate scientific research. Admin. R. at 12. PCRM is also viewed as an animal rights group with close ties to People for the Ethical Treatment of Animals. Id. at 31. PCRM's mission includes understanding and educating the public about the people and decisions that lead to federal government spending on animal research methods. Id. at 12. In furtherance

of its mission, PCRM submitted two FOIA requests for information related to the Interagency Coordinating Committee on the Validation of Alternative Methods ("ICCVAM"). Id. at 11-13, 15-17. The requests were sent on August 26, 2005 to the National Institute of Environmental Health Sciences ("NIEHS") and the Food and Drug Administration ("FDA"). Id. The requests were nearly identical, both seeking various records related to the ICCVAM and both asking for fee waivers. Id. Because more then one public health agency was involved, the requests were referred to the Freedom of Information Office at the Public Health Service ("PHS") for a resolution of the fee waiver issue. Id. at 19. PHS's FOIA officer estimated the cost of conducting the search and duplicating the records for both requests to be approximately $100,000. Id. at 22, 34.

On January 31, 2006, PHS denied PCRM's fee waiver requests. Id. at 19-20. PCRM proceeded to file an appeal of the fee waiver denial with HHS's Deputy Assistant Secretary for Public Affairs/Media on February 9, 2006. Id. at 135-36. HHS affirmed the denial of the fee waiver requests by letter dated May 17, 2006. Id. at 132-33. Following the denial of its appeal, PCRM filed suit in this Court on August 7, 2006 seeking judicial review of that decision under the FOIA (Claim One) and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06 (Claim Two).

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In determining whether there exists a genuine issue of material fact sufficient to preclude summary judgment, the court must regard the non-movant's statements as true and accept all evidence and make all inferences in the non-movant's favor.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  A non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position.  Id. at 252.  By pointing to the absence of evidence proffered by the non-moving party, a moving party may succeed on summary judgment.  Celotex, 477 U.S. at 322.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations omitted).

In a FOIA fee waiver case, the district court conducts a de novo review of an agency's denial of a fee waiver request; however, the district court is limited to the record before the agency.  5 U.S.C. § 552(a)(4)(A)(vii); see National Treasury Employees Union v. Griffin, 811 F.2d 644, 648 (D.C. Cir. 1987) ("The [requester's] failure to demonstrate a public interest before the agency cannot be remedied by doing so before a court.").[1]  Although the APA once provided the standard for judicial review, this was altered by the 1986 amendments to FOIA codifying 5 U.S.C. § 552(a)(4)(A)(vii).  See Larson v. CIA, 843 F.2d 1481, 1482-83 (D.C. Cir. 1988) (highlighting the change in the standard of review from the arbitrary and capricious standard under the APA to the de novo standard under the FOIA fee waiver statute as amended by Congress in 1986).[2]

---

[1] PCRM has submitted an affidavit in support of its motion for summary judgment to further explain PCRM's mission and the alleged failures of ICCVAM.  However, the Court will not consider the affidavit because it is not in the administrative record.

[2] Thus, PCRM's separate challenge to the denial of its fee waiver request as arbitrary and capricious under the APA (Compl. ¶¶ 25-28) will be dismissed.  Although the APA governs
(continued...)

## ANALYSIS

The Freedom of Information Act permits agencies to charge search and duplication fees to requesters. See 5 U.S.C. § 552(a)(4)(A). It further provides that each agency of the federal government shall promulgate regulations specifying the schedule of fees applicable to processing requests under the Act and establishing procedures and guidelines for when such fees should be waived or reduced. See 5 U.S.C. § 552(a)(4)(A)(i). A fee waiver or reduction under FOIA is appropriate if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester. See 5 U.S.C. § 552(a)(4)(A)(iii). The commercial interest prong will not be discussed here because HHS elected not to pursue any argument under this prong of the analysis. Mem. in Supp. of Def.'s Mot. for Summ. J. at 13 ("Def.'s Mem."). Thus, this case turns on whether disclosure of the requested information is in the public interest.

HHS has established a fee waiver standard that is identical to the standard set forth in FOIA. See 45 C.F.R. § 5.45(a). In addition, HHS's regulations provide a four part test to determine whether disclosure of the information will further a specific public interest.[3] See 45

---

[2](...continued)
judicial review generally of "final agency action," review under the APA is limited to those agency actions "for which there is no adequate remedy in court." See 5 U.S.C. § 704. There is, of course, an adequate remedy in court under FOIA for denial of a fee waiver request.

[3] Under this Circuit's precedent, a court is not bound by HHS's interpretation of the FOIA fee waiver provision. See Tax Analysts v. IRS, 117 F.3d 607, 613 (D.C. Cir. 1997) ("It is true that we will not defer to an agency's view of FOIA's meaning. . . . The meaning of FOIA should be the same no matter which agency is asked to produce its records." (citations omitted)); see also Judicial Watch v. Rossotti, 326 F.3d 1309, 1313 (D.C. Cir. 2003) ("[W]e emphasize that we owe no particular deference to the IRS's interpretation of FOIA."). But see Judicial Watch v. Dep't of Justice, 365 F.3d 1108, 1126 (D.C. Cir. 2004) (stating that, for fee waiver request to be
(continued...)

C.F.R. § 5.45(b). First, do the records to be disclosed pertain to the operations or activities of the federal government? See 45 C.F.R. § 5.45(b)(1). Second, would disclosure of the records reveal any meaningful information about government activities? See 45 C.F.R. § 5.45(b)(2). Third, would the disclosure advance the understanding of the general public as distinguished from a narrow segment of interested persons? See 45 C.F.R. § 5.45(b)(3). Finally, will the contribution to public understanding be a significant one? See 45 C.F.R. § 5.45(b)(4).

HHS contends that PCRM has failed to satisfy the third and fourth factors of the public interest analysis.[4] As to the documents' alleged "significant" contribution to public understanding, HHS contends that PCRM's submission is wholly conclusory; as to the advancement of the "general public" understanding, HHS contends that PCRM did not demonstrate the ability to disseminate the requested information to the public at large. Def.'s Mem. at 13-17. PCRM responds, regarding the significant contribution requirement, that ICCVAM has made "remarkably little progress in doing what it was set up to do, 'reduce, refine, or replace the use of animals in testing.'" Admin. R. at 13, 17 (quoting 42 U.S.C. § 285*l*-3(b)(5)). PCRM further states that part of the problem is that the agency representatives to ICCVAM do

---

[3](...continued)
in the public interest, four criteria listed in DOJ regulations must be satisfied.). The Court will apply the HHS regulations in reviewing the adequacy of plaintiff's request because they are not in controversy; indeed, plaintiff has relied upon the regulations as the analytical framework in its request to HHS and the briefing before this Court.

[4] The other two elements of the public interest analysis merit little discussion here. The records requested plainly pertain to federal government operations or activities as required under 45 C.F.R. § 5.45(b)(1), as HHS acknowledges in the administrative record. See Admin. R. at 32 ("NIH concedes that PCRM, by noting that the requested documents related to ICCVAM, an interagency work group, has demonstrated that the requested records pertain to the activities of the government."). HHS also does not contest that the "agendas, minutes, notes," and other communications sought by PCRM are not publicly available. See Admin. R. at 36; Def.'s Mem. at 10. Therefore, the disclosure would reveal meaningful information about federal government activities under 45 C.F.R. § 5.45(b)(2).

not appear to endorse ICCVAM's goals, and that how and why this happened is a "question of critical importance to the public." Id.  Furthermore, PCRM states, "it is always in the public interest to openly air the fact that a government body is not carrying out its statutory function effectively and efficiently." Id.  HHS argues that these statements are conclusory and unsupported by fact, see Def.'s Mem. at 14, and hence HHS claims that PCRM failed to prove that the requested information will result in a significant contribution to public understanding.

"A requester seeking a fee waiver bears the initial burden of identifying the public interest to be served," and that public interest must be asserted with reasonable specificity. Griffin, 811 F.2d at 647.  Thus, "conclusory statements that the disclosure of the requested documents will serve the public interest are not sufficient" to meet the requester's burden of showing that the fee waiver requirements are met.  Judicial Watch, Inc. v. Dep't of Justice, 185 F. Supp. 2d 54, 60 (D.D.C. 2002).  Here, however, the information submitted by PCRM to HHS in support of its fee waiver request is sufficient to satisfy the requirement of reasonable specificity.

PCRM describes a specific statutory mandate that allegedly has not been satisfied by ICCVAM and explains how and why the information it requests will shed light on the alleged lack of progress – that is, by supposedly revealing that ICCVAM has selected representatives who do not fully endorse ICCVAM's goals.[5]  Admin. R. at 13.  PCRM explains elsewhere in its letter that ICCVAM does not meet in public and that many internal documents are not publicly available. Id. at 12.  It follows, then, that disclosure of the documents would make a significant

---

[5] Defendant argues that "plaintiff offered absolutely no further argument or evidence that this conclusion [lack of progress in satisfying a statutory mandate] was correct." Def.'s Mem. at 14.  However, a requester is not required to provide evidence of the government failure it alleges in order to prevail on a fee waiver request. See Rossotti, 326 F.3d at 1314 (emphasizing that, where documents regarding an official's conflict of interest were sought, evidence of the conflict of interest was not required to support the fee waiver request, as disclosure would promote understanding of the issue).

contribution to public understanding of any lack of progress by ICCVAM in satisfying the legal duty described.

This case stands in contrast to cases where a denial of a fee waiver was upheld because only a vague and unspecific public interest was asserted in conclusory terms. See Griffin, 811 F.2d at 646-47 (finding that the requester's statement that "the release of such documents will improve [g]overnment efficiency and culpability" was conclusory and not reasonably specific) (quoting from the administrative record); Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 66 n.11 (D.C. Cir. 1990) (determining that requester's statement that "[t]he information requested is beneficial to the public interest," was conclusory and insufficient in supporting a fee waiver); Edmonds Institute v. U.S. Dep't of Interior, 460 F. Supp. 2d 63, 73-74 (D.D.C. 2006) (noting that the requester's statement that the request will "give the public substantial, new information concerning the functions undertaken by the [agency] and its agency subdivisions" represented the "type of overly general, conclusory justification that does not support a fee waiver"); Judicial Watch v. Dep't of Justice, 133 F. Supp. 2d 52, 54 (D.D.C. 2000) (finding that a public interest argument based on "promot[ing] accountable government," and "benefit[ing] the public by identifying areas for future reform as well as deterring future abuses" did not satisfy the reasonable specificity standard). In contrast, PCRM's description of a specific problem -- the composition of ICCVAM's membership -- and its impact on ICCVAM's ability to fulfill a specific statutory mandate to "reduce, refine, or replace the use of animals in testing" satisfies the "reasonably specific" standard, which is "all that FOIA requires." Rossotti, 326 F.3d at 1313.

In addition to arguing that PCRM failed to establish that disclosure of the requested documents will result in a significant contribution to public understanding, HHS also asserts that PCRM has not demonstrated its ability to disseminate the requested information to the public.

7

One of the major factors in determining whether the disclosure will advance the understanding of the subject by the general public is the requester's intended use of the information and its ability to disseminate the information among the public. See 45 C.F.R. § 5.45(b)(3). In fact, an inability to disseminate the requested information among the public alone is a sufficient basis for denying a fee waiver request. See Larson, 843 F.2d at 1483 (denying fee waiver because the requester failed to identify the newspaper to which he intended to release the requested information or his contacts with any major newspaper companies); Rossotti, 326 F.3d at 1314 (granting fee waiver because the requester listed nine ways in which it communicates collected information to the public).

      PCRM sufficiently demonstrates its ability to disseminate the requested information among the public through the publication of its free quarterly newsletter that is received by its 120,000 person membership, as well as through its intention to send out press releases to the "entire media spectrum." Admin. R. at 136; see Prison Legal News v. Lappin, 436 F.Supp.2d 17, 26-27 (D.D.C. 2006) (finding that reporting the requested information in the requester's printed journal, which is distributed to its 3,400 subscribers and has an estimated readership population of 18,000, is sufficient to establish an ability to disseminate the information to the public); see also Carney v. Dep't of Justice, 19 F.3d 807, 814-15 (2d Cir. 1994) (reasoning that "information need not actually reach a broad cross-section of the public in order to benefit the public at large"). Furthermore, in contrast to the individual requester in Larson, who only intended to send the requested information to a single unnamed newspaper company, see 843 F.2d at 1484, PCRM is a non-profit organization that intends to disseminate the information among the public through press releases to the "entire media spectrum," as well as through its regular publication. Admin. R. at 136. Indeed, HHS recognized PCRM's demonstrated ability to generate such press releases

8

in background documents supporting its analysis of PCRM's fee waiver request.  See Admin. R. at 31, 35-39 (evaluating PCRM's request based on articles describing PCRM press conferences and media coverage of PCRM).

## CONCLUSION

For the foregoing reasons, the Court concludes that PCRM's submission to HHS sufficiently demonstrates that the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, thus fulfilling the requirements under the fee waiver statute.  See 5 U.S.C. § 552(a)(4)(A)(vii); 45 C.F.R. § 5.45(a).  Accordingly the Court will grant plaintiff's motion for summary judgment on Claim One and deny defendant's motion for summary judgment.  The Court will dismiss plaintiff's separate claim under the APA (Claim Two) for failure to state a claim upon which relief can be granted.  A separate order will be issued herewith.

/s/
JOHN D. BATES
United States District Judge

Dated:   March 26, 2007