UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 06-1392 JDB<br>)<br>)<br>)<br>)<br>)<br>) |

MOTION TO ALTER OR AMEND THE JUDGMENT
AND SUPPORTING MEMORANDUM OF LAW

This is a Freedom of Information Act case in which the defendant denied plaintiff's request for a fee waiver. This Court ruled in favor of plaintiff. See Judgment and memorandum opinion filed on March 26, 2007. Of relevance to this motion to alter or amend the judgment, filed pursuant to Fed. R. Civ. P. 59(e), the Court found that the release of the information sought by plaintiff would likely contribute significantly to the public's understanding of the government's operations or activities. Defendant moves the Court to vacate its judgment and enter judgment in favor of defendant dismissing the case with prejudice.

In its memorandum opinion, at pages 6 and 7, the Court addressed the several cases that have found that conclusory statements as to the public interest to be served by the release of the documents sought by a FOIA requester are insufficient to support a fee waiver. This Court found, however, that plaintiff

had made a sufficiently specific identification of the public interest that would be served by the waiver.

In support of its decision, the Court first relied on plaintiff's conclusory allegation that the Interagency Coordinating Committee on the Valuation of Alternative Methods [to the use of animals in testing] ("ICCVAM") has made "remarkably little progress in doing what it was set up to do, 'reduce, refine, or replace the use of animals in testing.'" Mem. Op. at 5. The Court then relied on plaintiff's assertion that this problem was in part due to the fact that the agencies' representatives to the ICCVAM "do not appear to endorse ICCVAM's goals." Mem. op. at 5-6. The Court also cited plaintiff's statement that "it is always in the public interest to openly air the fact that a government body is not carrying out its statutory function effectively and efficiently." Mem. op. at 6. Additionally, the Court noted plaintiff's statement that ICCVAM does not meet in public and that many internal documents are not publicly available. Mem. op. at 6.

In reaching its decision, the Court relied on Judicial Watch v. Charles O. Rossotti, 326 F.3d 1309 (D.C. Cir. 2003). There, the publicly known facts prior to the filing of the FOIA request, as recounted in the opinion, were that a decision had been made to grant IRS Commissioner Rossotti a conflict-of-interest waiver with regard to a company which he had co-founded, in which he

held stock, and which had a contract with the IRS. The Court of Appeals found that there was a significant public interest in the exploration of this issue by Judicial Watch, regardless of whether there was evidence at the time of the filing of the FOIA request that the waiver was improper.

By contrast to the Rossotti case, no support was offered by plaintiff whatsoever in the administrative record for its fundamental proposition that the ICCVAM has failed to do its job or for its assertion that this failure was attributable to the beliefs of the agency representatives on the committee. And plaintiff's assertion that not all the records of the committee are made publicly available is an assertion that can be made as to virtually every government actor. (Given plaintiff's links to the animal-rights movement, it is reasonable to assume that plaintiff's view of the ICCVAM is informed by the beliefs of that movement, beliefs (that animals should not be used in testing) that may not be congruent with the public interest.)

Furthermore, the two FOIA requests in this case seek a myriad of documents unrelated to the process whereby the representatives to the committee are selected. See A.R. 00011-00013 (which seeks, inter alia, all documents reflecting communications among the committee's members and its working groups and all communications with representatives of Integrated Laboratory Systems, Inc.) and A.R. 00015-00017 (same). No support for

3

requesting these documents is offered by plaintiff, other than its conclusory allegations that ICCVAM has failed to do its job and that there is a public interest in openly airing the facts concerning such a failure.

Given the facts outlined above, plaintiff's FOIA requests should be viewed as falling in the category of those found to be too conclusory to merit a fee waiver. As explained in the memorandum in support of defendant's motion for summary judgment, at page 5, plaintiff has the burden of specifically identifying the public interest to be served by the requested disclosure, and in order to meet this burden, plaintiff must explain "with reasonable specificity how disclosure will contribute to public understanding." This is critically important, given the fact that the search and reproduction costs can be significant, e.g., in this case the costs are estimated to be about $100,000. If the public (through congressional appropriations to the agency), is to foot the bill, there must be some assurance that the public interest will be served by the disclosure of the information sought by plaintiff.

For the reasons set forth above, the Court's judgment and memorandum opinion ruling in favor of plaintiff should be vacated, and this case should be dismissed with prejudice.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

4

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
/s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHYSICIANS COMMITTEE FOR        )
RESPONSIBLE MEDICINE,           )
                                )
          Plaintiff,            )
                                )
     v.                         ) Case No. 06-1392 JDB
                                )
DEPARTMENT OF HEALTH AND        )
HUMAN SERVICES,                 )
                                )
          Defendant.            )
_____)

ORDER

Upon consideration of defendant's motion to alter or amend the judgment made pursuant to Fed. R. Civ. P. 59(e), and the entire record in this case, it is this ___ day of _____, 2007,

ORDERED that defendant's motion to alter or amend the judgment is granted; and it is further

ORDERED that the Court's judgment and memorandum opinion filed on March 26, 2007, are vacated; and it is further

ORDERED that defendant's motion for summary judgment is granted; and it is further; and it is further

ORDERED that plaintiff's motion for summary judgment is denied; and it is further

ORDERED that this case is dismissed with prejudice. This is a final, appealable order.

UNITED STATES DISTRICT COURT

Copies to counsel of record