UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 06-1392 JDB<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO ALTER OR AMEND THE JUDGMENT**

　　Plaintiff Physicians Committee for Responsible Medicine ("PCRM") is a non-profit organization whose mission is to promote effective, ethical, and compassionate scientific research. (A.R. at 12.) PCRM's mission includes understanding and educating the public about the people and decisions that lead to federal government spending on animal research methods. (*Id.*) In furtherance of its mission, PCRM submitted Freedom of Information Act ("FOIA") requests for information related to the Interagency Coordinating Committee on the Validation of Alternative Methods ("ICCVAM") to two of ICCVAM's member agencies: the Food and Drug Administration ("FDA") and National Institute of Environmental Health Sciences ("NIEHS"), a subsidiary of the National Institutes of Health ("NIH"). (*Id.* at 11–13, 15–17.) These requests were nearly identical, both seeking various records related to ICCVAM and both requesting fee waivers. (*See id.*) The Freedom of Information Office at the Public Health Service ("PHS") thereafter denied PCRM's fee waiver requests with respect to both FDA and NIEHS. (*See id.* at 19–20.) Following the denial of its appeal of PHS's decision (*see id.* at 132–33), PCRM filed suit

in this Court, seeking an order enjoining Defendant to grant PCRM's fee waiver requests. On March 26, 2007, this Court entered judgment in favor of PCRM on Claim One of its complaint, which sought judicial review under FOIA, finding that "PCRM's submission to HHS sufficiently demonstrates that the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government, thus fulfilling the requirements under the fee waiver statute." (Mem. Op. at 9.) Defendant then filed its Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).

    Defendant does not meet any of the requirements necessary for the Court to grant a Rule 59(e) motion. "A motion pursuant to 59(e), to alter or amend a judgment after its entry, is not routinely granted." *Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996). "A Rule 59(e) motion 'is discretionary' and need not be granted unless the district court finds that there is an 'intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). Defendant does not cite any intervening change of controlling law, new evidence, or need to correct a clear error or prevent manifest injustice. Instead, Defendant devotes the entirety of its brief to re-arguing an argument that it has already made and that this Court has already rejected.

    Defendant's motion to alter or amend the judgment is simply an attempt to have another bite at the apple. Defendant reveals as much by, among other things, directly referring the Court to its "memorandum in support of defendant's motion for summary judgment, at page 5." (*See* Mot. to Alter or Amend J. at 4). As it did in two of its earlier briefs (*see* Def. Mot. Summ. J. at 14–16, Def. Reply at 2–3), Defendant incorrectly argues that PCRM did not demonstrate that

disclosure of the requested information would benefit the public interest. Yet the Court already has considered this argument and ruled against Defendant, finding that "PCRM's description of a specific problem -- the composition of ICCVAM's membership -- and its impact on ICCVAM's ability to fulfill a specific statutory mandate to 'reduce, refine, or replace the use of animals in testing' satisfies the 'reasonably specific' standard, which is 'all that FOIA requires.'" (Mem. Op. at 7.) In the absence of an intervening change of controlling law, new evidence, clear error, or a manifest injustice, Defendant is not entitled to have the Court consider its argument another time. As this Court has stated, "A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled." *Harvey*, 949 F. Supp. at 879.

Defendant devotes much attention to challenging the Court's reliance on *Judicial Watch v. Rossotti*, 326 F.3d 1309 (D.C. Cir. 2003), but Defendant does not, and cannot, claim that the Court's application of that case amounts to clear error. That the Court cited *Rossotti* on no less than four occasions for a variety of propositions (*see* Mem. Op. at 4 n.3, 6 n.5, 7, 8) demonstrates that the Court thoroughly analyzed the case. Moreover, *Rossotti* is just one case in a group of cases upon which the Court based its finding that "disclosure of the documents would make a significant contribution to public understanding of any lack of progress by ICCVAM in satisfying the legal duty described." (Mem. Op. at 6–7.) Defendant's displeasure with the Court's analysis of *Rossotti* does not meet the threshold requirement of clear error for the granting of a motion to alter or amend the judgment.

Defendant asserts that its argument, now presented to the Court for the third time, is "critically important" due to the potential search and reproduction costs that might arise in processing PCRM's FOIA requests. (Mot. to Alter or Amend J. at 4.) As a preliminary matter, PCRM notes that Defendant greatly overstates the cost estimate. NIH provided an estimate of

nearly $52,000 (A.R. at 34) and the PHS FOIA officer later assumed, without any verification, that FDA's estimate would be the same (*id.* at 22). To arrive at a total estimate of "about $100,000" (Def. Mot. Summ. J. at 9), Defendant presumably doubled NIH's estimate. However, in a letter to PCRM dated January 5, 2007—after the initiation of this lawsuit and the creation of the administrative record—FDA provided an estimate of $10,305 for FDA's search, reproduction, and review costs.[1] (Kinburn Decl. Ex. A.) Accordingly, Defendant's proper total estimate should be closer to $62,305, the sum of $52,000 and $10,305. Although PCRM provided a copy of the FDA letter to Defendant's counsel on January 11, 2007 (Kinburn Decl. Ex. B), Defendant has continued, in two subsequent briefs, to overstate the proper cost estimate by nearly $40,000 (*see* Def. Reply at 1; Mot. to Alter or Amend J. at 4). In any event, PCRM is aware of no cost-based exception to the mandates of the FOIA statute and regulations. Congress, by enacting the fee waiver and fee reduction provision of the statute, definitively declared that the public interest in government transparency and accountability outweighs any associated search and reproduction costs. Thus, Defendant has failed to identify a manifest injustice in need of correction.

      For the reasons set forth above, and for the reasons set forth in this Court's Memorandum Opinion of March 26, 2007, this Court should deny Defendant's Motion to Alter or Amend the Judgment.

      Respectfully submitted,

      /s/ Daniel Kinburn

      _____

      Daniel Kinburn
      PHYSICIANS COMMITTEE FOR

---

[1] PCRM recognizes that the FDA letter and correspondence attached as Exhibits A and B to the Declaration of Daniel Kinburn were created after the denial of PCRM's fee waiver requests and therefore are not part of the administrative record. Although the Court is free to disregard these documents, PCRM includes them in an effort to provide the Court with the complete factual record.

       RESPONSIBLE MEDICINE
5100 Wisconsin Avenue, N.W., Suite 400
Washington, D.C. 20016
Attorney for Plaintiff
(202) 686-2210 ext. 308
(202) 686-2155 (fax)

Dated: May 4, 2007