UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHYSICIANS COMMITTEE FOR          )
RESPONSIBLE MEDICINE,             )
                                  )
        Plaintiff,                )
                                  )
    v.                            ) Case No. 06-1392 JDB
                                  )
DEPARTMENT OF HEALTH AND          )
HUMAN SERVICES,                   )
                                  )
        Defendant.                )
_____  )

REPLY MEMORANDUM IN SUPPORT OF MOTION
TO ALTER OR AMEND THE JUDGMENT

    Plaintiff argues that it was improper for defendant to file
its Rule 59 motion, but this is incorrect.  That motion made two
points, one of which plaintiff does not address – that the FOIA
requests at issue in the case seek a myriad of documents
unrelated to the process whereby the representatives to the
committee are selected.  See A.R. 00011-00013 (which seeks, inter
alia, all documents reflecting communications among the
committee's members and its working groups and all communications
with representatives of Integrated Laboratory Systems, Inc.) and
A.R. 00015-00017 (same).  No support for requesting these
documents is offered by plaintiff, other than its conclusory
allegations that ICCVAM has failed to do its job and that there
is a public interest in openly airing the facts concerning such a
failure.

    The Court's finding of public interest relates to
information showing how the representatives of the inter-

governmental committee were chosen, a showing that in no way supports a public interest in the release of all the other material sought by plaintiff.

On the issue of the public interest in revealing how the government selects representatives to the committee, defendant believes that no further argument is needed and stands on its memorandum in support of the Rule 59(e) motion.

Plaintiff cites a January 11, 2007, email to undersigned counsel (Fred E. Haynes)in which the FDA, substantially after the administrative decision was made that is before the Court, advised that the fees would be approximately $10,305 for the FDA response, not the estimate made in the administrative record that the cost would be about $50,000.  Plaintiff correctly notes that this post-decision event is not part of the administrative record that is before the Court.  It should not, therefore, be consi-dered by the Court.[1]

For the reasons set forth above and in defendant's memorandum in support of its Rule 59(e) motion, the Court's judgment and memorandum opinion ruling in favor of plaintiff should be vacated, and this case should be dismissed with

---

1  Undersigned counsel did receive this email, but he did not, apparently, forward it to the agency.  It was dated January 11, 2007, and undersigned counsel was undergoing cancer treatments from December 8, 2006, to January 30, 2007, which may account for his lack of recollection as to this email.

2

prejudice.

Respectfully submitted,

JEFFREY A. TAYLOR, DC Bar #498610
United States Attorney

RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney
                /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201