UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE,<br><br>Plaintiff<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 06-1392 JDB<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND LITIGATION EXPENSES**

Plaintiff moves this Court for an award of attorneys' fees and litigation expenses pursuant to the Freedom of Information Act, 5 U.S.C. § 552(a)(4)(E). Based on the accompanying Memorandum of Points and Authorities and the Declarations of Daniel Kinburn, Mark Kennedy, and Bernard J. DiMuro, Plaintiff requests a total of $15,524.50 in fees and litigation expenses. Plaintiff reserves the right to submit a supplemental motion for an award of attorneys' fees and litigation expenses incurred after the date that this motion was prepared. Pursuant to Local Rule 7(m), counsel for the parties conferred; Defendant takes no position on this issue except that Defendant may, after further analysis, seek to stay further consideration of the motion until the case is resolved.

Respectfully submitted,

/s/ Daniel Kinburn

_____
Daniel Kinburn
PHYSICIANS COMMITTEE FOR

 RESPONSIBLE MEDICINE  
5100 Wisconsin Avenue, N.W., Suite 400  
Washington, D.C. 20016  
Attorney for Plaintiff  
(202) 686-2210 ext. 308  
(202) 686-2155 (fax)

Dated: May 25, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE, <br><br> Plaintiff <br><br> v. <br><br> DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendant. | Case No. 06-1392 JDB |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION FOR AWARD OF
<u>ATTORNEYS' FEES AND LITIGATION EXPENSES</u>**

Plaintiff Physicians Committee for Responsible Medicine ("PRCM"), pursuant to 5 U.S.C. § 552(a)(4)(E), respectfully requests that attorneys' fees and litigation expenses be awarded to PCRM in the above-captioned action. The motion is supported by the declarations of attorneys responsible for the litigation and reports itemizing time and expenses. As explained herein, PCRM's request for $15,524.50 in fees and costs is entirely reasonable in light of the facts of this case.

The Freedom of Information Act ("FOIA") states, "The court may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). FOIA allows awards of attorney fees and costs to prevailing plaintiffs for two purposes: (1) "to encourage Freedom of Information Act suits that benefit the public interest" and (2) to serve "as compensation for enduring an agency's unreasonable obduracy in refusing to comply with the Freedom of Information Act's requirements." *LaSalle Extension Univ. v. FTC*, 627 F.2d 481,

484 (D.C. Cir. 1980). "To obtain an award, the plaintiff must demonstrate both (1) that [it] has 'substantially prevailed' and is thus 'eligible' for an award, and (2) that [it] is 'entitled' to an award under a balancing of relevant factors." *Bricker v. FBI*, 54 F. Supp. 2d 1, 5 (D.D.C. 1999). PCRM is both eligible and entitled to an award of fees and costs.

PCRM has substantially prevailed and is eligible for an award of attorneys' fees and litigation expenses. A plaintiff is eligible for an award of attorneys' fees if it has "'been awarded some relief by [a] court,' either in a judgment on the merits or in a court-ordered consent decree." *Oil, Chemical, & Atomic Workers Int'l Union*, 288 F.3d 452, 456–57 (D.C. Cir. 2002). PCRM received a judgment on the merits when this Court granted in part PCRM's motion for summary judgment (Mem. Op. at 1), concluding "that PCRM has satisfied the requirements for a fee waiver." (*Id.* at 9). Thus, PCRM is eligible for an award of attorneys' fees.

Before awarding attorneys' fees to a plaintiff that has "substantially prevailed," a court also must consider the following four factors: "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) whether the Government had a reasonable basis for withholding requested information." *Burka v. U.S. Dep't of Health & Human Servs.*, 142 F.3d 1286, 1288 (D.C. Cir. 1998) (citation omitted). A court should "always keep in mind the basic policy of the FOIA to encourage the maximum feasible public access to government information and the fundamental purpose of section 552(a)(4)(E) to facilitate citizen access to the courts to vindicate their statutory rights." *Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 715 (D.C. Cir 1977). The balancing of these factors in this case supports awarding attorneys' fees to PCRM.

A FOIA action results in a public benefit if a plaintiff's victory is "likely to add to the fund of information that citizens may use in making vital political choices." *Cotton v. Heyman*,

63 F.3d 1115, 1120 (D.C. Cir. 1995). Under the "public benefit" factor, "a court would ordinarily award fees, for example, where a newsman was seeking information to be used in a publication or a public interest group was seeking information to further a project benefitting the general public." *Nationwide Bldg. Maint., Inc.*, 559 F.2d at 712. Here, PCRM will use the requested records to advance the public interest of educating the public about the activities of the Interagency Coordinating Committee on the Validation of Alternative Methods ("ICCVAM") and its failure to effectively carry out its mission. This Court recognized the public benefit of PCRM's FOIA request by "conclud[ing] that PCRM's submission to HHS sufficiently demonstrates that the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government." (Mem. Op. at 9.)

The second and third factors—whether a plaintiff will derive commercial benefit from disclosure and the nature of the plaintiff's interests in the records—are "closely related and often considered together." *Cotton*, 63 F.3d at 1120. PCRM is a non-profit, tax-exempt, health advocacy organization. It has no commercial interest in the information at issue in this case and neither it nor its members will benefit commercially from disclosure of the requested information. Instead, PCRM's public-interest oriented mission to "promulgate [the] information as widely as possible, in order to prod ICCVAM to promote its congressionally set mission more vigorously and effectively" (R. at 00136) meets one of the principal purposes of the FOIA statute because it reveals the workings of government. *See* S. Rep. No. 93-854, at 19 (1974). Thus, PCRM's entirely non-commercial motive and interest in disclosure of the records entitles it to an award of attorneys' fees.

3

Under the "reasonableness" factor, a fee award is appropriate if the agency was "recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." *See Tax Analysts v. U.S. Dep't of Justice*, 965 F.2d 1092, 1097 (D.C. Cir. 1992) (citation omitted). Here, HHS's conduct justifies a fee award. PCRM submitted nearly identical FOIA requests to two HHS agencies, seeking records, not publicly available, that set forth ICCVAM's activities and the methods by which its members select and appoint agency representatives to ICCVAM and its working groups. (R. at 00011–12, 00015–16.) Each request detailed the specific factual bases pursuant to which PCRM, a non-profit organization with no commercial interest in the disclosure, was entitled to a fee waiver under applicable law and regulations. (R. at 00012–13, 00016–17.) Nevertheless, HHS failed to grant PCRM's fee waiver request, despite PCRM's showing that it was entitled to one, thereby forcing PCRM to file suit to obtain compliance with FOIA. That HHS's fee waiver denial was not reasonable is further demonstrated by this Court's conclusion that "PCRM has satisfied the requirements for a fee waiver." (Mem. Op. at 1.)

Fee awards are calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate, resulting in a lodestar amount. *See Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980). PCRM's counsel, as public interest attorneys, do not have customary billing rates. Nevertheless, public interest attorneys may be awarded reasonable fees calculated according to the prevailing market rates in the relevant community. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 896 (1984) (noting that fees may be awarded under 42 U.S.C. § 1988 based on prevailing rate whether plaintiff is represented by private or nonprofit counsel). To determine reasonable attorney fees, this Court follows the Laffey Matrix, which is prepared by the Civil Division of the United States Attorney's Office for the District of Columbia in accordance with *Laffey v. Northwest Airlines, Inc.*, 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on*

4

*other grounds*, 746 F.2d 4 (D.C. Cir. 1984), in which the court approved certain hourly rates based on particular levels of experience. Reference to the Laffey Matrix is sufficient to establish market rates for attorneys. *See, e.g.*, *Covington v. District of Columbia*, 57 F.3d 1101, 1109 (D.C. Cir. 1995). A current copy of the Laffey Matrix, valid through May 31, 2007, is attached hereto as Exhibit A. PCRM requests that its hourly fees be calculated under the Laffey Matrix.

In claiming attorneys' fees, an attorney should identify the "general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983). However, "counsel do not need to record in great detail how each minute . . . is expended." *Id.* An itemization of time spent by PCRM's counsel in this matter is attached hereto as Exhibit B. The itemization was generated from the time records of the two attorneys, Daniel Kinburn and Mark Kennedy, who worked on the case, and the rates applied to the time are adopted from the Laffey Matrix for the corresponding dates. Mr. Kinburn is an attorney who graduated from the Columbia University School of Law in 1979 and has been practicing law for 27 years. (*See* Kinburn Decl. ¶¶ 4–5.) Based on the Laffey Matrix, the prevailing market rate for an attorney of Mr. Kinburn's experience is $405 per hour for his hours in 2005–2006 and $425 for his hours in 2006–2007. Mr. Kennedy is an attorney who graduated from Washington & Lee University School of Law in 2004 and has been practicing law for two years. (*See* Kennedy Decl. ¶¶ 4–5.) Based on the Laffey Matrix, the prevailing market rate for an attorney of Mr. Kennedy's experience in 2006–2007 is $205 per hour. That the fees claimed by Mr. Kinburn and Mr. Kennedy are reasonable is confirmed by the declaration of Bernard J. DiMuro, who has served as co-counsel with PCRM's counsel in another case. Mr. DiMuro believes that the hourly rates set forth in the Laffey Matrix are reasonable for both Mr. Kinburn's and Mr. Kennedy's hours in view of their skill, expertise, ability, and experience.

Finally, PCRM incurred necessary litigation expenses, other than fees of counsel, of $350.00 for the initiation of the action. Copies of supporting documents concerning this expense are attached hereto as Exhibit C. As provided under FOIA, these expenses also should be awarded to PCRM.

For the foregoing reasons, PCRM respectfully requests that it be awarded, pursuant to 5 U.S.C. § 552(a)(4)(E), $15,174.50 in attorneys' fees and $350.00 in litigation expenses, for a total award of $15,524.50.

                                        Respectfully submitted,

                                        /s/ Daniel Kinburn
                                        _____
                                        Daniel Kinburn
                                        PHYSICIANS COMMITTEE FOR
                                         RESPONSIBLE MEDICINE
                                        5100 Wisconsin Avenue, N.W., Suite 400
                                        Washington, D.C. 20016
                                        Attorney for Plaintiff
                                        (202) 686-2210 ext. 308
                                        (202) 686-2155 (fax)

Dated: May 25, 2007