UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHYSICIANS COMMITTEE FOR RESPONSIBLE MEDICINE, <br><br> Plaintiff <br><br> v. <br><br> DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br> Defendant. | Case No. 06-1392 JDB |

**DECLARATION OF BERNARD J. DIMURO IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES**

I am the managing partner (principal/shareholder) of the law firm of DiMuroGinsberg, P.C., 908 King Street, Suite 200, Alexandria, Virginia 22314.

I am admitted to the Bars of the District of Columbia, Commonwealth of Virginia and the State of Illinois. I am also admitted to practice before the United States Supreme Court and numerous federal courts, including the United States District Court for the District of Columbia and the Eastern District of Virginia.

I received my Juris Doctor degree from the George Washington University National Law Center, and a Bachelor of Arts degree in political science from Northwestern University.

I have engaged in an active trial practice since 1979, representing individual and corporate clients in complex civil litigation before both federal and state courts and administrative tribunals in the areas of business torts, corporate law, employment law,

product liability, professional liability, and defamation. This includes my representation of employers in all aspects of federal and state litigation.

I have been qualified as an Expert Witness in state and federal courts on matters relating to business torts, employment and labor, and professional responsibility, including the reasonableness and necessity of attorneys fees. I further assist business clients in litigation management and in the audit of legal fees and legal services. Many of my clients have been law firms, ranging in size from small to national law firms, with offices in the District of Columbia. My representation of those law firms have included matters relating to the fees charged and their reasonableness under both standards of practice as well as Professional Responsibility guidelines which require attorney's fees to be reasonable and commensurate with the services rendered.

I served as the Virginia State Bar's President from June 2002 to June 2003. I have been a member of the State Bar's Executive Committee (1995-97 and 2000-2003) and the State Bar's Council.

I chaired the State Bar's Advertising Task Force. I am a member of the Virginia State Bar's Standing Committee on Budget and Finance. I have also served on other State Bar committees such as the Task Force on Corporate Counsel, Committee to Study the Code of Professional Responsibility, Appellate Rules Advisory Committee and the Leadership Task Force. I currently serve as the Bar Council's liaison to the Lawyers Helping Lawyers Committee. I also have participated in the Virginia Continuing Legal Education's program to teach ethics and professional responsibility to new members of the Virginia State Bar. I previously served on the Virginia Disciplinary Board, including

a term as Chairman (1993-1995). I am former chairman of the Eighth District Grievance Committee.

I have extensive trial experience in a wide variety of cases, having been trial counsel in over 150 matters actually tried to courts in the District of Columbia and throughout Northern Virginia.

In all those roles, I have become familiar with the rates attorneys charged, the time and effort that is reasonably required to prosecute and litigate a case and the Laffey Matrix.

I have reviewed the Plaintiff's Motion for an Award of Attorneys' Fees and Litigation Expenses, and the Court's Memorandum Opinion of March 26, 2007, in which it granted, in part, Plaintiff's motion for summary judgment. I have also reviewed the curriculum vitae for Daniel Kinburn, Esq., who served as lead counsel for Plaintiff throughout the litigation of this case.

I am aware that Plaintiff is moving for an award of attorneys' fees and am aware that Plaintiff's counsel are basing their hourly rate for services in this case on the Laffey Matrix.

In my opinion, to a reasonable degree of certainty, the fee rates of $405.00 per hour for time spent by Mr. Kinburn in 2005–2006 and $425 per hour for time spent by Mr. Kinburn in 2006–2007 are reasonable based upon Mr. Kinburn's skill, expertise, experience, education, reputation and ability. In providing this opinion, I specifically note that Mr. Kinburn has practiced law for more than 27 years and has extensive experience in complex litigation at the state and federal levels. In my opinion, the rate of $205 per

hour for time spent by Mark Kennedy in 2006-2007 is reasonable based upon Mr. Kennedy's experience and education.

The total sum sought for the services rendered ($1255.00 for Dan Kinburn, who as supervising counsel is required to spend an adequate amount of time reviewing the pleadings drafted by junior counsel and the $13,919.50 incurred by Mark Kennedy,) starting from the drafting of the complaint to the successful Order granting the summary judgment motion, are in my opinion, to a reasonable degree of certainty, fair and reasonable sums and consistent with the Laffey Matrix.

Although Mr. Kinburn and Mr. Kennedy practice full-time as counsel for a non-profit organization, I believe that the aforementioned rates set by the Laffey Matrix are comparable to the rates charged by other practitioners in the District of Columbia with whom I am familiar with similar levels of expertise and experience in this type of case.

I hereby declare under penalty of perjury that the foregoing is true and correct. Executed this 25th day of May 2007.

_____
Bernard J. DiMuro

4