UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PHYSICIANS COMMITTEE FOR
RESPONSIBLE MEDICINE,

    Plaintiff,

    v.

DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

    Defendant.

Civil Action No.  06-1392 (JDB)

## ORDER

On March 26, 2007, the Court denied defendant's motion for summary judgment, and granted plaintiff's motion for summary judgment, on plaintiff's claim that defendant had wrongfully denied its request for a fee waiver under 5 U.S.C. § 552(a)(4)(A)(iii).  Defendant has moved to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), on the same ground asserted in its earlier motion -- that plaintiff failed to demonstrate that disclosure of the requested records concerning "ICCVAM" (the Interagency Coordinating Committee on the Validation of Alternative Methods) is likely to contribute significantly to public understanding of the government's operations or activities.  Specifically, defendant contends that plaintiff has made only conclusory allegations, unsupported by evidence in the administrative record, that ICCVAM is not carrying out its statutory duties, and on this basis, urges the Court to enter judgment in defendant's favor.

"'A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  Ciralsky v. Cent. Intelligence Agency,

355 F.3d 661, 671 (D.C. Cir. 2004) (quoting <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996)); <u>see also</u> <u>Mobley v. Cont'l Cas. Co.</u>, 405 F. Supp. 2d 42, 45 (D.D.C. 2005) ("A motion for reconsideration . . . will not lightly be granted."). A Rule 59(e) motion "is not simply an opportunity to reargue facts and theories upon which a court has already ruled." <u>New York v. United States</u>, 880 F. Supp. 37, 38 (D.D.C. 1995). Nor is it "a vehicle for presenting theories or arguments that could have been advanced earlier." <u>Burlington Ins. Co. v. Okie Dokie Inc.</u>, 439 F. Supp. 2d 124, 128 (D.D.C. 2006); <u>see also</u> <u>Kattan v. District of Columbia</u>, 995 F.2d 274, 276 (D.C. Cir. 1993).

Here, defendant has done little more than replay the arguments asserted in its motion for summary judgment. Indeed, the Court addressed defendant's specific contention that plaintiff failed to offer evidence in support of the allegation that ICCVAM had not made progress in satisfying its statutory mandate, and concluded that, under <u>Judicial Watch v. Rossotti</u>, 326 F.3d 1309, 1314 (D.C. Cir. 2003), a requester is not required to provide evidence of the government failure it alleges in order to prevail on a fee request. See <u>Physicians Comm. for Responsible Medicine v. Dep't of Health and Human Servs.</u>, 480 F. Supp. 2d 119, 123 n.5 (D.D.C. 2007).

Even considering defendant's argument anew, the Court is unpersuaded. Looking once again at <u>Rossotti</u>, the Court concludes that the D.C. Circuit has spoken to the issue of what level of support a FOIA requester must make in support of the public interest factor, and has declined to require that a requester make some threshold showing that its allegations of government malfeasance are true. In response to a FOIA requester alleging that the then-Commissioner of the IRS had a conflict-of-interest based on his stock ownership, the court stated:

> At oral argument, government counsel complained that Judicial Watch provided no evidence that Rossotti actually had a conflict of interest. That may be true, but the question here is not whether Rossotti had such a conflict, but whether disclosure of

-2-

> the requested documents is likely to contribute to public understanding of the IRS operations -- a goal that disclosure will promote regardless of what the documents reveal. Contrary to the implications of the government's argument, the American people have as much interest in knowing that key IRS decisions are free from the taint of conflict of interest as they have in discovering that they are not.

Rossotti, 326 F.3d at 1314. To be sure, the FOIA requester in Rossotti had come forward with more probing factual allegations -- stock ownership by the Commissioner in a specific corporation. But the court of appeals' response clearly shifts the focus of the inquiry away from whether the allegations have been proven true to, instead, whether disclosure will likely contribute to public understanding of the problem alleged. It may be the case that plaintiff's allegations about ICCVAM's lack of progress are untrue, but Rossotti indicates that a fee waiver is nonetheless required as long as disclosure will promote public understanding of the problem alleged by the requester. Although plaintiff's factual allegations concerning the problems allegedly posed by ICCVAM's membership and lack of progress are not quite as probative as those made in Rossotti, they are far more detailed than the conclusory public interest allegations rejected in other cases. See Physicians Comm. for Responsible Medicine, 480 F. Supp. 2d at 123-24 (reviewing cases). On balance, plaintiff has met its burden of identifying the public interest to be served with reasonable specificity, as explained in more detail in the Court's decision. Id. Additionally, the Court can discern no reason for limiting the documents sought to those relating to the process by which the ICCVAM members are selected, as defendant now suggests. Plaintiff's asserted public interest is in whether ICCVAM has failed to make progress in meeting it statutory duties -- a matter that is intertwined with, but not limited to, how its members are selected.

Defendant claims that a more specific identification of the public interest is "critically important" in light of the significant cost involved with this FOIA request, which it estimates to be

$100,000.[1]  See Def.'s Mot. at 4.  However, the statutory fee waiver provision does not suggest that the requester's burden for justifying a fee waiver increases along with the cost, and the Court is unaware of any case law suggesting that such a sliding scale is appropriate.

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion for reconsideration is **DENIED**.

**SO ORDERED**.

/s/<br>
JOHN D. BATES<br>
United States District Judge

Date:   October 3, 2007

---

[1]  Plaintiff has submitted emails from HHS indicating that the true cost is $62,305, instead of $100,000.  See Pl.'s Opp. at 4 & Decl. of Daniel Kilburn ¶¶ 2 and 3.  However, because judicial review is limited to the administrative record, the Court will accept the $100,000 estimate provided by defendant in the administrative proceeding for the purpose of resolving this matter.